No. 15-16784

*In the*
# United States Court Of Appeals
*For the*
# Ninth Circuit

_____

DAVID HANSELL; EDWARD TOOLEY; CHRISTOPHER VALDEZ,
individually and on behalf of all others similarly situated,
*Plaintiffs-Appellees*,

v.

ALEXANDER DONALD BIRNER,
*Appellant*,

v.

TRACFONE WIRELESS, INC., DBA Straight Talk Wireless;
WAL-MART STORES, INC.,
*Defendants-Appellees*.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF CALIFORNIA

**PLAINTIFFS-APPELLEES' MOTION TO DISMISS NON-PARTY
ALEXANDER BIRNER'S APPEAL FOR LACK OF STANDING**

| | | |
|---|---|---|
| Michael W. Sobol<br>Roger N. Heller<br>Nicole D. Sugnet<br>LIEFF CABRASER HEIMANN &<br>BERNSTEIN, LLP<br>275 Battery Street, 29th Floor<br>San Francisco, CA 94111<br>(415) 956-1000 | Daniel Hattis<br>Hattis Law<br>9221 NE 25th Street<br>Clyde Hill, WA 98004<br>(650) 284-8495 | John A. Yanchunis, Attorney<br>Morgan & Morgan, PA<br>7th Floor<br>201 North Franklin Street<br>Tampa, FL 33602<br>(813) 223-5505 |

*Counsel for Plaintiffs-Appellees*

1273891.1

# TABLE OF CONTENTS

                                                                          **Page**

I. INTRODUCTION ..................................................................................... 1

II. STATEMENT OF FACTS AND PROCEDURAL HISTORY ........... 3

    A. The Underlying Cause of Action and Settlement ....................... 3

    B. The District Court's Findings Regarding Appellant's Objections and Lack of Standing ................................................ 4

    C. Appellant's Motion for Reconsideration ................................. 6

    D. This Appeal ..................................................................................... 7

III. LEGAL STANDARD ................................................................................ 8

IV. ARGUMENT ............................................................................................... 9

    A. This Appeal Should Be Dismissed Because Appellant Lacks Standing to Appeal. ........................................................... 9

    B. Objecting to the Settlement Class Definition Does Not Create Standing. ........................................................................ 13

V. CONCLUSION ........................................................................................ 14

# TABLE OF AUTHORITIES

Page

## Cases

*AAL High Yield Bond Fund v. Deloitte & Touche LLP*,
  361 F.3d 1305 (11th Cir. 2004) ................................................................. 13

*Devlin v. Scardelletti*,
  536 U.S. 1 (2002) ................................................................................ 10, 13

*Employers-Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Anchor Capital Advisors*,
  498 F.3d 920 (9th Cir. 2007) ..................................................................... 9

*Feder v. Elec. Data Sys. Corp.*,
  248 F. App'x 579 (5th Cir. 2007) ...................................................... 11, 12

*Glasser v. Volkswagen Of Am., Inc.*,
  645 F.3d 1084 (9th Cir. 2011) ....................................................... 8, 10, 12

*Gould v. Alleco, Inc.*,
  883 F.2d 281 (4th Cir. 1989) ................................................................ 9, 10

*Hoover v. Switlik Parachute Co.*,
  663 F.2d 964 (9th Cir. 1981) ..................................................................... 8

*In re First Capital Holdings Corp. Fin. Prods. Sec. Litig.*,
  33 F.3d 29 (9th Cir. 1994) ................................................................. 10, 12

*Knisley v. Network Assocs., Inc.*,
  312 F.3d 1123 (9th Cir.2002) ................................................................. 11

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992) ................................................................................ 11

*Marino v. Ortiz*,
  484 U.S. 301 (1988) .................................................................................. 8

*Paterson v. Texas*,
  308 F.3d 448 (5th Cir. 2002) ................................................................... 10

*Steel Co.* v. *Citizens for Better Env't*,
  523 U.S. 83 (1998) ............................................................................. 8, 11

# TABLE OF AUTHORITIES
## (continued)

**Page**

*United States v. SCRAP*,
  412 U.S. 669, 93 S.Ct. 2405, 37 L.Ed.2d 254 (1973) .......................................... 14

*Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*,
  454 U.S. 464 (1982) ................................................................................................ 13

**Rules**

Fed. R. Civ. P. 23(e)(4) ................................................................................................ 9

**Treatises**

Newberg on Class Actions § 13:22 (5th ed.) ........................................................... 10

I.  **INTRODUCTION**

Plaintiffs-Appellees ("Appellee Plaintiffs") respectfully move to dismiss this appeal on the ground that Appellant Alexander Birner ("Appellant") lacks standing to appeal from the District Court's Order (Ex. 1 to Affidavit Michael W. Sobol in Support of Motion to Dismiss ("Sobol Aff.")) and Judgment (Ex. 2 to Sobol Aff.) approving a $40 million class action settlement (the "Settlement"). The District Court made detailed factual findings that Appellant is not a class member and therefore has no standing to object to the Settlement, or appeal its approval. As a non-party to this litigation, the Appellant should not be permitted to pursue this appeal and thereby hold up payment to the class. Indeed, the Appellant's appeal is the sole obstacle to implementing a class settlement entered into in conjunction with the Federal Trade Commission, including payments to over 2 million class members. On the other hand, Appellee remains free, given that he is not bound by the Final Judgment he seeks to appeal, to pursue whatever remedies he may have on an individual basis. Appellee Plaintiffs respectfully submit that this appeal should be dismissed with prejudice forthwith.

Appellant challenges the District Court's approval of the Settlement of a nationwide class action alleging that TracFone Wireless, Inc. ("TracFone") engaged in deceptive marketing practices by selling "unlimited" data plans that were not actually unlimited. The Settlement is a product of arms'-length extensive

negotiations, and was entered into in conjunction with an intensively negotiated Consent Order with the Federal Trade Commission. The eight million class members were provided due process notice of the Settlement and given an opportunity to object to the Settlement. Some class members did in fact object to the settlement, but *not a single class member has appealed the approval of the Settlement* or the entry of the Judgment.

Appellant filed an objection to the Settlement and demanded, and was provided with, full discovery. When the District Court later conclusively determined Appellant was not a member of the class, it treated Appellant's objection as an "amicus," and considered and ruled upon the substance of his objections (many, if not all, of which were raised by other, class member objectors). In addition, the District Court rejected Appellant's last-minute protestation that he needed more time to review discovery materials. The District Court found that even with more time, Appellant was unlikely to ever find evidence showing he was a class member. Appellant now is the only individual who appeals the District Court's thorough and comprehensive Order approving the nationwide Settlement.

Accordingly, because Appellant is not a member of the settlement class nor is he otherwise a party to this litigation, he lacks the standing to appeal and his appeal should be dismissed.

## II. STATEMENT OF FACTS AND PROCEDURAL HISTORY

### A. The Underlying Cause of Action and Settlement

Four class actions were filed against Defendant-Appellee ("Appellee Defendant") TracFone alleging that TracFone's "unlimited" data plans were not unlimited because TracFone would throttle or suspend data service when customers exceeded a certain data usage cap. *See In re TracFone Unlimited Service Plan Litigation*, 2015 WL 4051882, No. C-13-3440 EMC, at *1 (N.D. Cal. July 2, 2015) (Ex. 1 to Sobol Aff.). Plaintiffs brought claims under numerous laws, including California's Unfair Competition Law (UCL), Florida's Deceptive and Unfair Trade Practices Act (FDUTPA), and numerous common-law proscriptions. *Id*. The Federal Trade Commission ("FTC") also brought an action against Appellee Defendant alleging that it engaged in deceptive advertising. *Id*. Subsequently, these cases were consolidated.

The parties engaged in discovery, including several depositions and the production and review of thousands of documents, before engaging in mediation. *See* Docket No. 121 at 4 (Ex. 3 to Sobol Aff.); *In re TracFone*, 2015 WL 4051882, at *8 (Ex. 1 to Sobol Aff.). Through the mediation process, the parties were able to reach an agreement whereby a $40 million non-reversionary class settlement with significant injunctive relief with industry-leading practice changes was entered into in conjunction with the resolution of the FTC action. *See* Docket No.

121 at 4 (Ex. 3 to Sobol Aff.); *In re TracFone*, 2015 WL 4051882, at *9 (Ex. 1 to Sobol Aff.). The Settlement Class includes approximately eight million members. *Id.* at *9. The over 1.8 million class members for whom TracFone has a mailing address will receive automatic payments under the Settlement, without having to submit a claim. Additionally, more than 800,000 claims were submitted. *Id.* In contrast to the overwhelming support of the class to the Settlement, there were only five objectors. Of those, only two filed substantive objections and Appellant was the only objector who appeared at the fairness hearing represented by counsel. *Id.*

### B. The District Court's Findings Regarding Appellant's Objections and Lack of Standing

The District Court found that Appellant is not a member of the Settlement Class, and therefore lacked standing to object to the Settlement. *Id.* at *11. The District Court's February 20, 2015 Preliminary Approval Order defined the Settlement Class as follows:

> All persons who purchased, in the United States, a Straight Talk, Net10, Simple Mobile, or Telcel America wireless service plan with "unlimited" data, who, at any time during the Class Period (i.e., from July 24, 2009 through and including December 31, 2014), **at TracFone's request, had their data usage Throttled, Suspended, or had all of their Services Terminated** prior to the expiration of their service plan.

Docket No. 118 (Ex. 4 to Sobol Aff.) (emphasis added). In finally approving the Settlement, the District Court found that TracFone's records established that

1273891.1    4

Appellant had never been "throttled, suspended, or terminated" at TracFone's direction. *TracFone*, 2015 WL 4051882, at *11 (Ex. 1 to Sobol Aff.). Moreover, although the parties voluntarily gave Appellant *all* of the discovery exchanged in the litigation (*see* Docket No. 167 (Ex. 6 to Sobol Aff.)), the District Court found that Appellant "presented no evidence that seriously contradicts TracFone's assertion that he is not a class member." *TracFone*, 2015 WL 4051882, at *11 (Ex. 1 to Sobol Aff.). The District Court also denied Appellant's motion to continue the final approval hearing so that he could further review the discovery given to him to discern whether he is a class member. *Id*. at *11 n.5. In its Order, the court explained that Appellant "had made an insufficient showing that it was likely that he would ever find evidence in the discovery provided to him that contradicts TracFone's direct assertion that he was never throttled, even if the Court permitted [Appellant] extra time to review or conduct such discovery." *Id*.

Despite finding that Appellant lacked standing to object to the Settlement, the District Court nevertheless considered all of Appellant's objections on their merits, treating him as "amicus curie." *Id.* The District Court concluded, *inter alia*, that Appellant's arguments that the monetary relief in the settlement is inadequate "are all predicated on untenable assumptions." *Id*. at *6. The District Court also rejected Appellant's assertion that the conduct changes in the Settlement are "unenforceable window dressing," finding that "[l]ike many of [Appellant's]

other arguments, this objection is predicated on a fundamental misunderstanding of the facts or law" because the District Court retains jurisdiction over the Settlement and can take remedial action if TracFone does not comply. *Id*. at *8.

### C. Appellant's Motion for Reconsideration

On July 29, 2015, Appellant filed a motion for reconsideration of the District Court's Final Approval Order. *See* Docket No. 163 (Ex. 6 to Sobol Aff.). Appellant also filed a motion for reconsideration of the District Court's Order denying his request for additional time for discovery to determine whether he is a class member. *See* Docket No. 160 (Ex. 7 to Sobol Aff.). On August 10, 2015, the District Court denied both of these motions for reconsideration. *See* Docket No. 170 (Ex. 8 to Sobol Aff.).

The District Court held that all of the arguments Appellant contained in his motions to reconsider had already been presented to and rejected by the court. *Id*. at 2. The District Court again rejected Appellant's argument that the class definition is impermissibly under-inclusive because it does not include customers whose data had never been throttled, suspended or terminated. *Id*. Appellant tried to argue that such individuals—like Appellant himself—were being "denied relief for their economic injury." *Id*. As the District Court explained, "[r]ather, because they are not class members, their rights are simply not being adjudicated in this action one way or the other and they are not releasing any claims." *Id*. The

District Court also explained that "[w]hether an individual is a member of the class depends on whether their data service was terminated, suspended or throttled; a historical *fact* that can [be] definitively and objectively proved using TracFone's business records." *Id*. at 3 (emphasis in the original).

The District Court again denied Appellant additional time to conduct discovery, explaining that Appellant is not a class member and that his "motion for reconsideration does not make any additional showing that he has found (or is likely to ever find) evidence that demonstrates that he is a class member." *Id*. at 4. The District Court added that even if Appellant had standing, the outcome would be the same because the Court considered and rejected Appellant's objections on the merits. *Id*.

### D. This Appeal

On September 4, 2015, Appellant filed a notice of appeal. *See* Docket No. 171 (Ex. 9 to Sobol Aff.). Appellant states that he is appealing (1) the order denying his motions to continue or stay judgment; (2) the order and judgment granting final approval of the class action settlement, awarding class counsel their requested attorneys' fees, and awarding service awards to the named class representatives; (3) the order denying Appellant's motions to reconsider; and (4) "[a]ny other orders pertaining or relating to the above matters." *Id*. No other

1273891.1                                        7

objectors have challenged the District Court's approval of the class-wide Settlement—Appellant is the lone appellant.

## III. <u>LEGAL STANDARD</u>

The Supreme Court has held that "only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment." *Marino v. Ortiz,* 484 U.S. 301, 304 (1988) (stating that "because petitioners were not parties to the underlying lawsuit, and because they failed to intervene for purposes of appeal, they may not appeal from the consent decree approving that lawsuit's settlement"). To have appellate court standing, an appellant must show (1) that the appellant is aggrieved by the decision being appealed and (2) that the appellant was a party to the action below. *Hoover v. Switlik Parachute Co.*, 663 F.2d 964, 966 (9th Cir. 1981).

The standing requirement is jurisdictional and cannot be waived. *Glasser v. Volkswagen Of Am., Inc.*, 645 F.3d 1084, 1088 (9th Cir. 2011). Dismissal of an action without reaching the merits is appropriate where a Court lacks jurisdiction to decide a case. *See Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 93-94 (1998) (holding that federal courts should decide jurisdiction before determining the merits of an action).

## IV. ARGUMENT

Appellant is not a member of the settlement class. The District Court found that Defendant TracFone presented conclusive evidence Appellant is not a class member and that Appellant failed to present any evidence showing he is a class member. Appellant therefore had no standing to object to the Settlement in the District Court. More importantly, given that Appellant is not a class member, he is not a "party" to the underlying proceedings and his rights remain wholly unaffected by the Final Judgment such that he is not "aggrieved by the decision being appealed." Accordingly, Appellant has no standing to appeal the District Court's Final Approval of Class Settlement. This appeal should therefore be promptly dismissed. Absent a prompt dismissal, relief will unjustly be delayed to millions of aggrieved class members.

### A. This Appeal Should Be Dismissed Because Appellant Lacks Standing to Appeal.

Courts regularly find that only members of a certified class may appeal orders approving class action settlements. *See, e.g., Employers-Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Anchor Capital Advisors*, 498 F.3d 920, 924 (9th Cir. 2007) (dismissing appeal because "the appellants were not members of a certified class and therefore lack standing to appeal"); *Gould v. Alleco, Inc.*, 883 F.2d 281, 284 (4th Cir. 1989) (holding that "non-class members have no standing to object"); Fed. R. Civ. P. 23(e)(4) (granting only class members the

right to object to a proposed settlement); Newberg on Class Actions § 13:22 (5th ed.) ("Courts regularly find that nonclass members have no standing to object to a proposed settlement").

Class members are considered to be "parties to the proceedings in the sense of being bound by the settlement." *Devlin v. Scardelletti,* 536 U.S. 1, 2 (2002). On the other hand, individuals who are not members of a certified class are not parties to a class action, are not bound to the outcome of the litigation, and cannot show that they suffered "an injury in fact." *See Paterson v. Texas*, 308 F.3d 448, 451 (5th Cir. 2002) (citations and quotations omitted). Moreover, courts have noted that settlements are encouraged and that "it follows that to routinely allow non-class members to inject their concerns via objection at the settlement stage would tend to frustrate this goal." *Gould v. Alleco, Inc.*, 883 F.2d 281, 284 (4th Cir. 1989).

Moreover, simply being a member of a class in and of itself is not sufficient to show standing; rather, one must also be an "aggrieved class member." *See In re First Capital Holdings Corp. Fin. Prods. Sec. Litig.*, 33 F.3d 29, 30 (9th Cir. 1994) (holding that only "an aggrieved class member" has standing to object to a proposed class settlement"). *See also Glasser v. Volkswagen Of Am., Inc.,* 645 F.3d 1084, 1089 (9th Cir. 2011) (dismissing class member's appeal from an attorney fee award because the fee did not result in any reduction of the class

member's settlement payment, and therefore the class member was not "aggrieved" by the award); *Knisley v. Network Assocs., Inc.*, 312 F.3d 1123, 1126 (9th Cir. 2002) (If modifying the fee award would not "actually benefit the objecting class member," the class member lacks standing because his challenge to the fee award cannot result in redressing any injury).

The objector, the party seeking to invoke the Court's jurisdiction, has the burden of establishing standing. *See Steel Co.*, 523 U.S. at 103-04; *Feder v. Elec. Data Sys. Corp.*, 248 F. App'x 579, 581 (5th Cir. 2007) (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992)). Here, Appellant has not established that he is an aggrieved class member. To be a class member, TracFone must have throttled, suspended or terminated his account. *See* Settlement Class Definition at Docket No. 118. As the District Court found, TracFone presented credible evidence that TracFone never throttled, suspended, or terminated Appellant's account and that Appellant had never consumed the requisite amount of data such that TracFone would take such actions. *In re TracFone*, 2015 WL 4051882, at *11 (Ex. 1 to Sobol Aff.).

Appellant cannot point to evidence to establish that he was a class member. *See id.* Appellant had his deposition taken by the parties and received document discovery. *See* Docket 167 (Ex. 5 to Sobol Aff.). Yet, the District Court found Appellant was unable to present any evidence to refute TracFone's evidence that

Case: 15-16784, 09/18/2015, ID: 9689313, DktEntry: 5-1, Page 16 of 20

he is not a class member. *See* In re Tracfone, 2015 WL 4051882, at * 11. Appellant therefore failed to meet his burden of establishing that he is a class member. *See Feder*, 248 F. App'x at 581.

At the fairness hearing, Appellant tried to excuse his failure to meet this burden by arguing that he had not been given sufficient time to review the discovery provided and that certain materials had been redacted or password protected. The District Court rejected this excuse both in its Final Judgment and in it order denying Appellant's motion for reconsideration. The District Court concluded that Appellant failed to establish that he would ever be able to show he was a class member, even if given more time or more discovery.

In all events, Appellant certainly was not aggrieved by the Settlement. *See In re First Capital*, 33 F.3d at 30; *Glasser*, 645 F.3d at 1089. As the District Court aptly explained, non-class members are not being denied relief; "[r]ather because they are not class members, their rights are simply not being adjudicated in this action one way or the other and they are not releasing any claims." Docket 170 at 3 (Ex. 8 to Sobol Aff.). In reality, Appellant received all that he could have ever hoped for as an objector: the District Court considered his substantive objections to the settlement as an "amicus" submission but yet also found he was not a member of the settlement class, leaving him free to pursue whatever remedies he might have against TracFone on his own unfettered by the Final Judgment in this case.

1273891.1　　　　　　　　　　　　　　　12

Accordingly, as a non-class member, Appellant has no standing to bring this appeal and it should be dismissed.

### B. Objecting to the Settlement Class Definition Does Not Create Standing.

Courts have rejected arguments that non-class member objectors have standing where they are challenging the class definition. For example, in *AAL High Yield Bond Fund v. Deloitte & Touche LLP,* 361 F.3d 1305, 1309-10 (11th Cir. 2004), the court rejected non-class members' argument that their appeal was proper because they "should have been included in the plaintiff class." The court considered the non-class members' reliance on *Devlin*, 536 U.S. at 1, and explained that "the point of *Devlin*, . . . was to allow appeals by objectors bound by a judgment, not those who "*could* have been bound by a judgment." *Id.* (emphasis in original). The court added that "[p]ersons who are not class members are not bound at all." *Id.* at 1310.

Allowing this appeal to proceed on its merits would permit one lone individual—who is not a party to the action—to appeal the approval of a class action settlement and hold up settlement payments to millions of actual aggrieved class members, potentially for years. Such a result "would convert the judicial process into no more than a vehicle for the vindication of the value interests of concerned bystanders." *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 473 (1982) (quoting *United*

*States v. SCRAP*, 412 U.S. 669, 687, 93 S.Ct. 2405, 2416, 37 L.Ed.2d 254 (1973)) (internal quotations omitted).

## V.     CONCLUSION

For the reasons outlined above, this Court should dismiss this appeal in its entirety because Appellant lacks the standing to appeal the District Court's Final Approval of Class Settlement.

Dated: September 18, 2015                         Respectfully submitted,


                                                  */s/ Michael W. Sobol*
                                                      Michael W. Sobol

                                                  Michael W. Sobol
                                                  Roger N. Heller
                                                  Nicole D. Sugnet
                                                  LIEFF CABRASER HEIMANN &
                                                  BERNSTEIN, LLP
                                                  275 Battery Street, 29th Floor
                                                  San Francisco, CA 94111
                                                  (415) 956-1000

                                                  Daniel Hattis
                                                  Hattis Law
                                                  9221 NE 25th Street
                                                  Clyde Hill, WA 98004
                                                  (650) 284-8495

>John A. Yanchunis, Attorney
>Morgan & Morgan, PA
>7th Floor
>201 North Franklin Street
>Tampa, FL 33602
>(813) 223-5505

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 18, 2015, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit, via the appellate CM/ECF system. Case participants who are registered CM/ECF users will be served by the appellate CM/ECF system.

Dated: September 18, 2015   */s/ Michael W. Sobol*
Michael W. Sobol

*Counsel for Plaintiffs-Appellees*